IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| QUINTON BRIDGES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:26-cv-00252-H-BU |
| NICOLE GRIFFIN, *et al.*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pro Se Plaintiff QUINTON BRIDGES originally filed this civil rights action on May 26, 2026, against Defendants Nicole Griffin and Courtney Boyd. Dkt. No. 1. Bridges' Complaint stems from his state prosecution and conviction, including medical evaluations during those events regarding his mental competency to stand trial, which Bridges strongly disagrees with. *Id*.

## 1. Factual and procedural background

United States District Judge James Wesley Hendrix referred this action to the undersigned for pretrial management under a standing order of reference. Dkt. No. 3. Upon review of Bridges' Complaint, the undersigned was concerned that the Court lacked subject matter jurisdiction over Bridges' claim, and even if it had jurisdiction, Bridges' Complaint was factually insufficient to state a claim upon which this Court could grant relief. *See* Dkt. No. 1 at 3–4. Bridges only writes "wrongful conviction" as the basis for jurisdiction and

his statement of claim. *Id*. The jurisdictional averments in Bridges' Complaint are the following:

> What is the basis for federal court jurisdiction? *(check all that apply)*
>
> ☑ Federal question ☐ Diversity of citizenship
>
> Fill out the paragraphs in this section that apply to this case.
>
> **A. If the Basis for Jurisdiction Is a Federal Question**
>
> List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
>
> Wrongful Conviction
>
> **B. If the Basis for Jurisdiction Is Diversity of Citizenship**

*Id*. at 3. Bridges' Statement of Claim in his Complaint is similarly devoid of fact other than the defendant's names:

> **III. Statement of Claim**
>
> Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.
>
> Courtney Boyd June 17, 2017 Wrongful Conviction
>
> **IV. Relief** Nicole Griffin March 21, 2024

*Id*. at 4. These concerns prompted the undersigned to enter a Notice of Deficiency (NOD) on June 2, 2026, requiring Bridges to amend his Complaint to address these concerns no later than July 3, 2026. Dkt. No. 4. Over the next several weeks, Bridges filed additional documents spanning over 200 pages, which appear to be records from his state prosecution. *See* Dkt. Nos. 5–6. But Bridges fails to explain how these additional documents relate to

his claims or pleadings. On June 24, Bridges filed an Amended Complaint. Dkt. No. 7. Substantively, Bridges did not correct or add any new statements to satisfy Rule 8(a). *See id*. at 3–4. The Second Amended Complaint again identified Boyd and Griffin as defendants, but the jurisdictional averments remained insufficient:

> What is the basis for federal court jurisdiction? *(check all that apply)*
>
> ☑ Federal question ☐ Diversity of citizenship
>
> Fill out the paragraphs in this section that apply to this case.
>
> **A. If the Basis for Jurisdiction Is a Federal Question**
>
> List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.
>
> Aggravated perjury Texas Penal Code 37.02 + 37.09

*Id*. at 3. Bridges' Statement of Claim in the Second Amended Complaint also remained deficient and constituted a list of labels and devoid phrases:

> **III. Statement of Claim**
>
> Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.
>
> Prosecutorial Misconduct, Malicious prosecution, Brady violation, Fabricating Evidence, Frame-up/set-up, Harrasment, criminal retaliation, engaging in organized criminal activity, Attempted Murder (Date) 2015–2026
>
> Texas Penal Code 15.01 Sect. 19.02, Texas Penal Code 37.09, 37.02, 37.03, 36.06
>
> PC 42.07 Texas Penal Code 21.055 (Where - Lubbock County)
>
> **IV. Relief**
>
> Didn't Follow Texas Code of Criminal Procedure Article 39.14 rule 3.09

*Id*. at 4.

Thus, on June 6, the undersigned entered a Show Cause Order requiring Bridges to file another amended complaint and instructing Bridges that: "The Amended Complaint must describe the facts that support [your] claims . . . [and] describe the events, conduct,

and injuries surrounding [your] claims against the defendants." Dkt. No. 8 at 1–2. The Court gave Bridges a second deadline to amend his complaint of July 31, and was further warned that failure to properly amend and explain why he failed to comply with the Court's prior orders "will result in the undersigned recommending dismissal of this case for failure to prosecute." *Id*. at 3.

The July 31 deadline passed without any further attempts by Bridges to establish the jurisdiction of this Court or state a plausible federal claim against Griffin or Boyd. Nor has Bridges affirmatively and distinctly alleged diversity jurisdiction. *See generally* Dkt. Nos. 1, 7, 9, 10. Indeed, Bridges' sole reference to subject matter jurisdiction is a checked box for "Federal Question" on the Complaint. Dkt. No. 1 at 3.

Since the Show Cause Order, Bridges has filed a flurry of premature and vague motions. *See* Dkt. Nos. 17–19. On August 14, Bridges filed a Motion for a New Judge, Motion for Discovery, and Motion for Subpoena. Dkt. No. 17. Three days later, on August 17 Bridges filed a Motion for Indictment, another Motion for Discovery, Motion for Ordering Appointment Ad Litem and Motion for Notice of Hearing. Dkt. Nos. 19–21. For each, Bridges fails to justify or explain how these additional filings relate to his claims or pleadings.

Bridges appears to fault the undersigned for the deficiencies in his pleadings, insisting that the failures are not his, but are the undersigned's for not liberally construing his pleadings. But even under the most liberal construction, there is nothing in Bridges' filings that implicate a substantial, disputed question of federal law, or even hint at one. *See generally* Dkt. Nos. 1, 7, 9 ("; *see also, e.g., Butler*, 762 F. App'x at 194; *cf. Atakapa*

*Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1006 (5th Cir. 2019) ("Some claims are 'so insubstantial, implausible, ... or otherwise completely devoid of merit as not to involve a federal controversy.' Federal courts lack power to entertain these 'wholly insubstantial and frivolous' claims." (quoting *Oneida Indian Nation of N.Y. v. Oneida Cnty.*, 414 U.S. 661, 666 (1974), then *Southpark Square Ltd. v. City of Jackson, Miss.*, 565 F.2d 338, 343-44 (5th Cir. 1977))).

In other words, "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff'" and would "'transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

Notwithstanding Bridges' failures to comply with the Court's NOD and (and show cause orders in his other cases), he has gone about issuing summons and serving process himself on purported defendants in this case and in a few others he has filed. This is particularly troublesome not only because Bridges fails to comply with Rule 4(c)(2)'s service of process requirements, but also because he continually refuses to respond to this Court orders and procedures. *See* FED. R. CIV. P. 4(c)(2).

Despite best efforts, the undersigned has exhausted all means of gaining Bridges' compliance with Rule 8(a) and this Court's orders. These failures are not one-off

misunderstandings, because Bridges is no stranger to the Court. In the four months since April 2026, he has filed eight civil actions.[1] In each case, Bridges' complaints or amended complaints often take the form of single, conclusory labels or allegations, which offers little to no basis either of this Court's jurisdiction or how his claims entitle him to relief. And in each case, the undersigned has been required to enter a Notice of Deficiency, or an Order to Show Cause (sometimes multiple), all to no avail. Indeed, to date, the only action Bridges has taken in response to the Court's repeated efforts to gain his compliance is the filing of a lawsuit against the undersigned for "obstruction of justice," *see* Civil Action No. 1:26-CV-285-H-BV, and filing identical motions in each of his eight lawsuits "for a new judge and magistrate judge," all of which are unsurprisingly deficient, frivolous and malicious.

**2. Legal standards**

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action sua sponte for failure to comply with court orders or for failure to prosecute. *Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket and prevent undue delays in the disposition of pending cases. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962); *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997). A Rule 41(b) dismissal may be with or without prejudice.

[1] *See* Dkt. No. 1; *see Bridges v. Musk, et al.*, No. 1:26-cv-00333-H-BU; *see Bridges v. Trump, et al.*, No. 1:26-cv-00313-H-BU; *see Bridges v. Parker*, No. 1:26-cv-00285-H-BV; *see Bridges v. Texas Dep't. of Public Safety, et al.*, No. 1:26-cv-00166-H-BU; *see Bridges v. Lubbock Co. Detention Center*, No. 1:26-cv-00165-H-BU; *see Bridges v. Sandoval*, No. 1:26-cv-00164-H-BU. In each action, Bridges has proceeded *pro se* and paid court filing fees.

*Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). A dismissal with prejudice is appropriate only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

**3. <u>Analysis and recommendation</u>**

For the foregoing reasons, the undersigned RECOMMENDS that Bridges' Second Amended Complaint be dismissed under Rule 41(b) and that all pending motions be terminated. The undersigned also finds that lesser sanctions have been ignored by Bridges and that he's been nothing if not contumacious, and his filings are frivolous. The Court should DISMISS Bridges' claims without prejudice.

While "the judicial system is generally accessible and open to all individuals," *Kaminetzky v. Frost National Bank of Houston*, 881 F. Supp. 276, 277 (S.D. Tex. 1995), "district courts have an obligation to protect the orderly administration of justice and prevent abuse of the court's process by frivolous and vexatious litigants [, which means that *p]ro se* litigants have 'no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets,'" *Ruston v. Dallas Cnty.*, No. 3:07-cv-1076-D, 2008 WL 958076, at *2 (N.D. Tex. Apr. 9, 2008) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)).

Although Bridges has paid the filing fee in each of his cases, this does not bestow upon him the power to dictate whether his jurisdictional allegations and pleadings are sufficient. Nor does it grant him unveiled authority to proceed without adhering to this Court's orders and procedures. Federal courts have an independent duty to examine their

own subject matter jurisdiction, and the payment of a filing fee is irrelevant to that determination. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) ("Subject-matter limitations . . . keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level.") (citations omitted)). And as the Court has previously explained, even under the most liberal construction of his pleadings, Bridges fails to show subject matter jurisdiction and sufficient factual allegations that he is entitled to relief, and his attempts to "correct" fall short.

Lastly, the Court should warn Bridges that similar filings—either in this case, others filed, or future litigation—could subject him to sanctions, including the Court imposing monetary sanctions and/or an order precluding him from making further filings without leave of Court.

**4. <u>Motions to recuse and to appoint attorney ad litem</u>**

Bridges has over 30 motions pending across his eight cases with this Court. Many of the motions are duplicates filed in each of his cases. Among them are a Motion for a New Judge, targeted at both the undersigned and United States District Judge James Wesley Hendrix, Dkt. No. 22, and a Motion for Order Appointing Ad Litem. Dkt. No. 25. Because these motions purport to address serious issues, the undersigned address them separately in the event the Court wishes to address them, notwithstanding an absence of subject matter

jurisdiction. Both motions should be denied unless terminated with the other motions upon dismissal of this action for lack of subject matter jurisdiction.

In the Motion for a New Judge, Bridges vaguely and prematurely contends the Court has failed to "constru[e] pleadings . . . [provide] relief . . . [and] to respond to motions [and] subpoena[s]." *Id*. Bridges fails to plausibly identify a reasonable basis for any personal judicial bias or prejudice against him, or other reason the undersigned or Judge Hendrix should be recused. *See* 28 U.S.C. §§ 144 and 455. Rather, Bridges seeks recusal based solely on his disdain for recent rulings by the Court, made necessary by Bridges' obstinate refusal to comply with Court orders.

Bridges cannot "force judicial recusal or transfer of his case simply by naming judges indiscriminately in a complaint unsupported with any allegations of substance, however." *Ebrahimi v. United States*, No. 3:23-CV-02229-G (BH), 2023 WL 7423932, at *3 (N.D. Tex. Oct. 16, 2023), *report and recommendation adopted*, No. 3:23-CV-2229-G-BH, 2023 WL 7420225 (N.D. Tex. Nov. 9, 2023) (citing *Boswell v. Texas Christian University*, Civil Action No. 4:14-cv-0330-O, 2014 WL 4650023, at *4 (N.D. Tex. Sept. 24, 2014) (denying request for recusal where the judge was named as a defendant because the "nearly incoherent complaint" was "baseless" and barred by judicial immunity and the litigant was "only frustrated or disappointed with the results of other encounters with the judge) (citing *Jones v. City of Buffalo*, 867 F.Supp. 1155, 1163 (W.D.N.Y. 1995)) (denying request for recusal by vexatious serial litigator stating "this tactic of suing federal judges and then seeking their disqualification is nothing more than a tactic to delay and frustrate the orderly administration of justice. Judges should not be held hostage to this kind of tactic

and automatically recuse themselves simply because they or their fellow judges on the court are named as defendants in a truly meritless lawsuit"); *see also Hassell v. United States*, No. Civ. A. 3:04-CV-0974-G, 2004 WL 2331599, at *2 (N.D. Tex. Oct. 14, 2004) (noting that in the context of a motion to recuse, "[a] judge should not recuse himself merely because the party seeking recusal has sued, or threatened to sue, the judge . . . [m]oreover, unfounded, frivolous, and scurrilous allegations of a judge's crimes against the movant are insufficient to establish grounds for recusal") (citing *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977), *cert. denied*, 435 U.S. 954 (1978)); *see also Ocean-Oil Expert Witness, Inc. v. O'Dwyer*, 451 F. App'x 324, 329 (5th Cir. 2011) ("Suing all the judges in a district indiscriminately also does not force their recusal. Judges are not required to recuse just because they have been or are involved in litigation with a party. Otherwise, parties could control which judges hear their case by filing lawsuits against all judges of whom they disapproved. Courts must take care to ensure that motions for recusal are not abused as a litigation tactic.") (citing *Sensley v. Albritton*, 385 F.3d 591, 598 (5th Cir. 2004)).

In Bridges' Motion for Order Appointing Ad Litem, Dkt. No. 25, he attaches a copy of an order entered in the 364th District Court in Lubbock County. The 364th District Court appointed an attorney ad litem for Bridges pending a hearing on an application for Court-Ordered Mental Health Services for Bridges. Dkt. No. 25. The ad litem appointment was based on a physician's opinion that Bridges was mentally ill and "a substantial risk to

himself or others if not immediately restrained" pending a hearing an application. *Id*. On the copy 364th District Court order filed with this Court, Bridges wrote:

> Judge Presiding
> Lubbock County, Texas
>
> I'm filling a Motion for the same order appointing AD Litem & set of Notice of Hearing

*Id*. It appears, then, that Bridges is asking this Court to appoint an attorney or guardian ad litem.

Rule 17(c)(2) of the Federal Rules of Civil Procedure requires a court to appoint "a guardian ad litem—or issue another appropriate order—to protect a[n] . . . incompetent person who is unrepresented in an action." FED. R. CIV. P. 17(c)(2). For purposes of Rule 17(c), an incompetent person is one who is "without the capacity to litigate under the law of his state of domicile." *Thomas v. Humfield*, 916 F.2d 1032, 1035 (5th Cir. 1990); *Spence v. Harrison-Dunn*, 2021 WL 5409240 at *1 (5th Cir. 2021). The standard under Texas law is "whether individuals, by reason of mental or bodily infirmity, [are] incapable of properly caring for their own interests in the litigation." *Magallon v. Livingston*, 453 F.3d 268, 271 (5th Cir. 2006); *see also Hart v. Wells Fargo & Co.*, No. 3:14-CV-3796-N, 2014 WL 6901831, at *2 (N.D. Tex. Dec. 8, 2014).

Some district courts have "concluded that legal adjudication of incompetence, when brought to the court's attention, results in Federal Rule of Civil Procedure 17(c)(2)'s

provisions being 'brought into play.'" *Punch v. Victoria County Jail Medical Department*, Civ. Action No. 6:22-CV-00022, 2023 WL 5613411, at *4 (S.D. Tex. Feb. 7, 2023) (quoting *Schreck v. City of Amarillo*, No. 2:21-CV-220, 2021 WL 5178855, at *3 (N.D. Tex. Nov. 8, 2021) and *Maas v. BP Exploration & Production, Inc.*, Civ. Action No. 20-335, 2020 WL 3868447, at *2 n.5 (E.D. La. July 8, 2020)), *adopted*, 2023 WL 5616177 (S.D. Tex. Aug. 30, 2023). But each of these courts recognized that Rule 17(c)(2) is triggered, if at all, only once a Court has satisfied itself that it has jurisdiction.

Even if the Court assumes Bridges is incompetent, "'Rule 17(c) does not make a guardian ad litem appointment mandatory. If the court feels that the . . . [incompetent person's] interests are otherwise adequately represented and protected, then a guardian ad litem need not be appointed.'" *Adelman ex rel. Adelman v. Graves*, 747 F.2d 986, 989 (5th Cir. 1984) (quoting *Roberts v. Ohio Casualty Insurance Co.*, 256 F.2d 35, 39 (5th Cir. 1958)). For example, the Court can dismiss an action without prejudice and *without* appointing a guardian ad litem "if it is clear that no substantial claim could be asserted on the incompetent person's behalf based on the allegations in the complaint." *Punch*, 2023 WL 5613411, at *4.

The Court should neither presume Bridges is incompetent based on his prior state criminal proceedings nor assume it has jurisdiction.[2] Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established

---

[2] A review of online records in the Lubbock County case indicates Bridges was found incompetent to stand criminal trial on May 12, 2016, and later adjudicated competent on February 15, 2017. He was again found incompetent to stand trial on October 31, 2022, and adjudicated competent again on February 28, 2024. The February 28 adjudication of competence is the last competency-related entry in the docket for this case.

argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 & n.2 (5th Cir. 1983)); *see also MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings." (quoting *Getty Oil*, 841 F.2d at 1259)).

Because Bridges chose to file his lawsuits in federal court, it is his burden to establish federal jurisdiction. *See Butler v. Dallas Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("[A]ssertions [that] are conclusory [ ] are insufficient to support [an] attempt to establish subject-matter jurisdiction." (citing *Evans v. Dillard Univ.*, 672 F. App'x 505, 505-06 (5th Cir. 2017) (per cuiam); *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001))). Only after doing so would it be proper for the Court to address the recusal and competency issues Bridges raises.

For these reasons, the undersigned RECOMMENDS that Bridges' Motions for a New Judge and for Order Appointing Ad Litem be DENIED if not terminated upon the dismissal of this case for lack of subject matter jurisdiction.

**5. <u>Right to object</u>**

A copy of these Findings, Conclusions, and Recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendations must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the specific finding or recommendation

to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendations where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

ORDERED this 24th day of August 2026.

JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE